UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICHARD L MONROE,

        Plaintiff,

        v.                                      Case No. 21-cv-0593-bhl

JAMES F KLAJBOR and
DWD WISCONSIN,

        Defendants.

---

## SCREENING ORDER

---

    Plaintiff Richard L. Monroe, who is representing himself, filed a complaint against James F. Klajbor, in his capacity as Deputy City Treasurer of the City of Milwaukee, and the Wisconsin Department of Workforce Development (DWD). This matter comes before the Court on Monroe's motion for leave to proceed without prepayment of the filing fee and for screening of the complaint. (ECF Nos. 1-2.)

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Monroe filed the Court's local form asking to be allowed to proceed without paying the filing fee. (ECF No. 2.) The purpose of the form is to explain to the Court why the plaintiff's filing fee should be waived. Based on the limited information plaintiff has submitted, his request for a fee waiver must be denied. On his fee waiver form, plaintiff states that he has monthly social security income of $1,200, along with an additional $300 from his 401(k). His monthly expenses total $600, resulting in an apparent surplus of $900 each month. It is plaintiff's burden to establish that his financial situation warrants a fee waiver. On this record, his request to waive the $402 fee must be denied.

### JURISDICTION

    The plaintiff alleges that federal subject-matter jurisdiction may be exercised under the court's diversity jurisdiction, 28 U.S.C. §1332, which requires that the parties be completely diverse and that the amount in controversy exceed $75,000, exclusive of interest and costs.

Monroe names as defendants James F. Klajbor, Deputy City Treasurer of the City of Milwaukee, and the Wisconsin Department of Workforce Development. He states the amount of money at stake in this case is $66,000.[1] (ECF No. 1 at 5.)

Because the complaint does not identify the citizenship of the parties or properly allege that the amount in controversy exceeds $75,000, the Court concludes that Monroe has failed to properly allege diversity jurisdiction. This failure alone warrants dismissal of the complaint. Moreover, as explained below, the complaint also fails to allege any non-frivolous federal claims and thus, even if diversity jurisdiction were properly alleged, dismissal would nevertheless be required.

## THE PLEADINGS

The Court has a duty to dismiss any complaint or portion thereof if the plaintiff has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). The Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.

According to Monroe, the City claimed he owed $66,000 in delinquent real estate taxes and "put [him] out and did not give [him] any time" because he was "in the way" of a rumored

---

[1] This approximates the amount of taxes Monroe allegedly owes the City, although it may not include additional unspecified amounts sought against the DWD.

2

"development on the block." (ECF No. 1 at 3-4.) For relief, he requests the return of his real property. (*Id*. at 5.) While Monroe's complaint is anything but a model of clarity, he attaches a purported copy of a Memorandum from the Deputy City Treasurer to the Milwaukee Common Council, dated November 10, 2020, regarding the reopening and vacating of an in rem judgment. (*Id*. at 2.) From this document the Court infers that Monroe's real property was transferred to the City in a real estate tax foreclosure in 2020.

As to his claim against the Department of Workforce Development, he alleges that the DWD reported to the IRS that he received $16,000 in unemployment benefits, while he actually received only five payments. (*Id*. at 4.) For relief, he requests the Court order the DWD either pay him the allegedly incorrect amount reported to the IRS or prove that he did not receive that amount. (*Id*. at 5.)

As an initially matter, Monroe's complaint appears to run afoul of the rule against joining multiple unrelated claims against different defendants in the same pleading. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Nothing in his complaint indicates that the defendants or their alleged actions are related.

It is possible that Monroe intends to state a claim for relief under 42 U.S.C. §1983, which is the federal statute that grants a civil cause of action for damages for violations of federal rights committed by persons acting under color of state law. However, the allegations in the complaint do not state a colorable claim against James F. Klajbor (in his capacity as Deputy City Treasurer of the City of Milwaukee) or the Wisconsin Department of Workforce Development. As for the latter, the DWD is not a "person" within the meaning of §1983, and therefore it is not liable for damages under that statute. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). Even if Monroe had named an official of the DWD, he has failed to plead any facts showing such person violated a statutory or constitutional right. Similarly, although Klajbor is a "person" within the meaning of §1983 and he likely acted under color of state law in relation to his duties as Deputy City Treasurer, Monroe has not pleaded any facts suggesting that Klajbor personally violated Monroe's federal rights. Because Monroe has failed to state a colorable federal claim, his action must be dismissed for lack of subject-matter jurisdiction. *See Greater Chicago Combine & Center,*

3

*Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005) (federal court lacks subject-matter jurisdiction over purported federal claims that are "insubstantial or frivolous"). Accordingly,

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice, for lack of subject-matter jurisdiction.

Dated at Milwaukee, Wisconsin this 18th day of May, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge